UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:05-cr-0212-01 (M/F) |
| | ) | |
| FRANKIE LAMONT HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on September 27, 2010, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on September 20, 2010, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on October 5, 2010 and April 6, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1]

On October 5, 2010, Mr. Howard appeared in person with his appointed counsel, Bill Marsh, the Indiana Federal Community Defender. The government appeared by Brad Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Ross Carothers, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1), *Federal Rules of Criminal Procedure*, and Title 18 U.S.C. § 3583:

1. That Bill Marsh, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Howard in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Howard and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Howard was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Howard was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Howard was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Howard had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation. Mr. Howard orally waived the preliminary hearing.

7. Mr. Howard, by counsel, and the government agreed to continue further proceedings until a future date. The defendant was released on current conditions of release pending further proceedings before the Court.

On April 6, 2011, the Court reviewed prior proceedings held October 4, 2010, including the defendant's right to a preliminary hearing. Mr. Howard appeared in person with his retained counsel, Jeff Baldwin. The government appeared by Brad Shepard, Assistant United States Attorney, and Ross Carothers, U. S. Parole and Probation, appeared and participated in the proceedings. The following occurred:

1. Mr. Baldwin stated that Mr. Howard would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition.

2. The government and Mr. Howard stated their readiness to proceed with the revocation hearing.

The government called two witnesses, Detective Mitch Blocher of the Indiana State Police, and U. S. Parole and Probation Officer Ross A. Carothers. They testified and were cross-examined. The Court observed the August 10, 2010 recorded interview of the defendant, Detective Blocher and Special Agent Danny Dirienzo, of the United States Secret Service. The Court heard each party's summation and found that the defendant committed each of the specifications of alleged violations of supervised release in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on September 20, 2010 as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | On September 8, 2009, law enforcement officers in Indianapolis seized a 2007 Cadillac Escalade, which was registered to the offender, because the vehicle was stolen from Alexandria, Virginia. On January 6, 2010, the offender's ex-wife, Jeletha Howard, voluntarily surrendered a 2007 Chevrolet Tahoe to law enforcement officers because the vehicle was stolen from Philadelphia, Pennsylvania. Ms. Howard reported the vehicle was a gift from the |

offender. On July 15, 2010, law enforcement officers seized a 2008 Chevrolet Silverado pickup from the offender. The vehicle was stolen from Columbus, Indiana. On August 12, 2010 Indiana State Police Detective Mitch Blocher interviewed the offender. Mr. Howard stated he knew the vehicles were stolen in the summer of 2008 when he bought the Cadillac. He also stated he was scared to come forward because he was on supervision and kept the Silverado pickup. As a result, the offender committed Receiving Stolen Auto Parts, class D felonies, in violation of Indiana Code 35-43-4-2.5. Formal charges have not yet been filed.

**2** **"The defendant shall refrain from any unlawful use of a controlled substance."**

**"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On March 22, 2010, the offender submitted a urine sample which was positive for marijuana. The probation officer confronted him on April 27, 2010, and he stated he used marijuana three weeks prior to the date of collection. He also stated he was stressed and was at a party where there was marijuana, so he participated by smoking. He was admonished for his actions and subsequent samples have been negative.

**3** **"The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month."**

**"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

On September 9, 2009, law enforcement officers in Indianapolis seized a 2007 Cadillac Escalade, which was registered to the offender, because the vehicle was stolen from Alexandria, Virginia. He failed to report ownership of this vehicle to his probation officer.

On January 6, 2010, the offender's ex-wife, Jeletha Howard, voluntarily surrendered a 2007 Chevrolet Tahoe to law enforcement officers because the vehicle was stolen from Philadelphia, Pennsylvania.. Ms. Howard reported the vehicle was a gift from the offender. While the vehicle was never titled in the offender's name, Ms. Howard reported her ex-husband purchased the vehicle from Arthur Henderson, gave it to her, and he titled it in her name. He failed to report ownership of this vehicle to his probation officer.

On July 15 2010, law enforcement officers seized a 2008 Chevrolet Silverado pickup from the offender. The vehicle was stolen from Columbus, Indiana. Although the pickup was titled to Rosie Heath, the offender's mother, he was the primary driver of the vehicle. He failed to indicate on his monthly supervision report the vehicle was driven by him until he submitted a report in May 2010. The probation officer previously observed him driving the vehicle on several occasions, as far back as March 2009.

The defendant signed a 12-month lease agreement on January 10, 2010, for rental property located at 6259 Valleyview Drive, Fishers, Indiana. An *Order on Notice of Claim for Eviction and Damages* was signed June 23, 2010, in Hamilton Superior Court (29D06-1006-SC-449). The offender failed to report residing at this residence to his probation officer either in person or on his monthly supervision report.

**4**      **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

**"The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer."**

The defendant signed a 12-month lease agreement on January 10, 2010, for rental property located at 6259 Valleyview Drive, Fishers, Indiana. On June 15, 2010, the probation officer observed the offender arrive at the residence in his other's 2008 Chevrolet Silverado pickup and leave the residence a short time later. An *Order on Notice of Claim for Eviction and Damages* was signed June 23, 2010, in Hamilton Superior Court (29D06-1006-SC-449). The offender failed to report residing at this residence to his probation officer either in person or on his monthly supervision report.

| 5 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |

On September 8, 2009, police were dispatched to the offender's residence regarding a stolen vehicle. The offender told police he was trying to sell his 2007 Cadillac Escalade to a Hispanic male. When the offender went into the residence to get the title, the man drove off in the vehicle. He failed to report this contact with police to his probation officer.

On June 17, 2010, the offender was issued a complaint and summons by the Indianapolis Metro Police Department for having expired plates. He failed to report this contact with police to his probation officer. The probation officer observed the citation in the offender's stolen pickup when police seized it on July 15, 2010.

| 6 | **"If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the schedule of payments sheet."** |

**"Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of the defendant's gross monthly income."**

While on supervised release for the past three years, the offender paid $805 towards restitution. His last payment of $15.00 was received on April 12, 2010. The total amount of outstanding restitution is $1,453,972.16. While the offender's employment history (that could be verified) on supervision has been sporadic at best, the probation officer believes he could have paid more toward restitution. On February 22, 2010, the probation officer asked the offender why he was not drawing unemployment benefits; he stated he did not want to file for benefits because his mother would have to pay part of the benefits since he last worked for her trucking company. He was employed from June 1, 2010, to July 15, 2010, at Tri-Ax, Inc., as a dump truck driver. His wages earned during this period are unknown because he failed to submit pay stubs. The offender reports he is currently employed by Team Triax, but has not submitted earnings statements.

| | |
|---|---|
| 7 | **"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."** |

        In December 2008, the probation officer obtained a credit report which revealed an unauthorized request for credit by the offender. In April 2009, the probation received correspondence from American General Financial Services (AGFS) which reflected that on November 25, 2008 the offender submitted an application for credit to AGFS for a loan of $10,000. The application was denied.

        The defendant signed a 12-month lease agreement on January 10, 2010 for rental property located at 6259 Valleyview Drive Fishers, Indiana. The amount of rent was $1,195.00 per month. An *Order on Notice of Claim for Eviction and Damages* was signed June 23, 2010, in Hamilton Superior Court (29D06-1006-SC-449). The offender failed to seek permission from the probation officer to enter into this agreement, nor did he report residing at this residence to his probation officer either in person or on his monthly supervision report.

        On August 19, 2010, a home visit was conducted at 8038 Springwater Drive, Indianapolis, The probation officer observed the offender arrive in a 2008 Chevy Impala SS with a paper license plate. The offender stated he purchased the vehicle for $16,000.00 and has a monthly payment of $425 per month. The offender did not request permission from his probation officer to secure this loan.

Counsel for the parties stipulated the following:

      (1) Mr. Howard and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

      (2) Mr. Howard has a relevant criminal history category of IV. *See*, U.S.S.G. §7B1.4(a).

      (3) The most serious grade of violation committed by Mr. Howard constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(4) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Howard is 12-18 months.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court, having conducted a revocation hearing and having found that the defendant committed the violations set out above, having heard the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Frankie Lamont Howard, violated the above-delineated conditions in the Petition.

Mr. Howard's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of one year and one day, with no supervised release to follow. The service of the sentence shall begin immediately.

The Magistrate Judge requests that Ross Carothers, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will

make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

The District Court may refuse to accept any stipulations and waivers entered into or made by any of the parties and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*, and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including make a *de novo* determination of any portion of the Report and Recommendation upon which he may consider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Howard's supervised release and imposing a sentence of imprisonment of one year and one day, in the custody of the Attorney General or his designee. Further, that upon Mr. Howard's release from confinement, he will not be subject to supervised release.

**IT IS SO RECOMMENDED** this 8th day of April, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brad Shepard,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Jeffrey A. Baldwin,
151 North Delaware Street, #1950
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal